936 F.2d 572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur J. BURTON, Plaintiff-Appellant,
v.
Dyke HOUSEWORTH, Dennis Dyke, Chris Daniels, Louis Myers,
Defendants-Appellees.
 No. 90-2096.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1991.
 
 W.D.Mich., No. 90-00005; Easlen, J.
 W.D.Mich.
 AFFIRMED.
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Arthur J. Burton, a pro se Michigan prisoner, appeals the district court's order granting the defendant's motion for summary judgment in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive and monetary relief, Burton sued four prison officials of the Michigan Department of Corrections. He did not specify whether he was suing the defendants in their official or individual capacities. He alleged the defendants were involved in a conspiracy and their actions violated his first, eighth and fourteenth amendment rights along with a health agreement in Knop v. Johnson, (unspecified citation). He alleged that he has been denied appropriate medical/psychiatric care and has been transferred to different prisons in retaliation over access to the courts.
 
 
 3
 On August 3, 1990, a magistrate issued a report and recommendation recommending that the defendants' motion for summary judgment be granted. He found Burton's constitutional claims failed to state a claim because he did not specify how defendants denied him appropriate health care or that his transfers were retaliatory in nature. The district court did not receive timely objections to the magistrate's report and adopted the report and recommendations in a judgment filed on August 28, 1990. Burton filed a timely notice of appeal. Although the district court initially ruled that Burton waived his right to appeal, it later found any appeal would be in good faith because Burton had tendered evidence showing he had filed timely objections to the magistrate's report and recommendation.
 
 
 4
 On appeal, Burton continues to argue the merits of his claims except for the Knop v. Johnson health agreement claim, which he has abandoned. He requests the appointment of counsel.
 
 
 5
 Burton's appeal is properly before the court. Generally, a party's failure to file timely objections to the magistrate's report waives his right to appeal. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). The waiver rule is not a jurisdictional rule, however, and this court may choose not to apply it if exceptional circumstances are present warranting an exception to the rule in the "interests of justice." See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987).
 
 
 6
 Evidence has been produced indicating Burton tendered timely objections to the magistrate's report. Burton raised the same arguments in his objections to the magistrate's report that he raised in his complaint. These claims were considered by the magistrate. The district court certified that any appeal Burton filed in this matter would be in good faith. Furthermore, Burton would not suffer any prejudice if this court reviews his appeal. Given these circumstances, we conclude this appeal is properly before the court.
 
 
 7
 Upon review, we conclude the district court properly granted summary judgment for the defendants because there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 8
 Burton's allegation regarding his medical/psychiatric care fails because he has not shown a deliberate indifference by prison authorities to his serious medical needs which constitutes "unnecessary and wanton infliction of pain." See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The record demonstrates Burton has received extensive medical and psychiatric care. Furthermore, transfers have been made based on recommendations from medical personnel and based on Burton's long-term adjustment problems and security classification.
 
 
 9
 His claim regarding retaliatory transfers also fails because Burton does not have a constitutional or state-created right to be incarcerated at a particular facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Furthermore, there is no inherent constitutional right to remain free of administrative segregation. Hewitt v. Helms, 459 U.S. 460, 467 (1983). The record demonstrates that transfers have been made for medical reasons and due to Burton's long-term adjustment problems and security classification, not for purposes of retaliation.
 
 
 10
 A first amendment violation is asserted if an inmate claims he was transferred in retaliation for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam). However, Burton has offered no proof establishing retaliatory transfers, and because his allegations are based on mere conclusions and opinions, they need not be accepted as true and fail to state an adequate claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 11
 Burton's allegation of a conspiracy is also insufficient to state a claim because he has failed to allege with some degree of particularity any overt acts which were reasonably related to the promotion of the claimed conspiracy. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984); Powell v. Workman's Compensation Bd., 327 F.2d 131, 139 (2d Cir.1964). This claim is also premised on mere conclusions and opinions.
 
 
 12
 Burton alleges fourteenth amendment claims separate from his eighth and first amendment claims based on the same facts as his other claims. These claims must fail for the reasons stated above.
 
 
 13
 Burton's claim based on a health agreement in Knop v. Johnson has been abandoned on appeal, so it is not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 14
 Accordingly, the request for counsel is denied and the district court's order filed on August 28, 1990 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.